# ATCHLEY & DELGADO, LLP
**ATTORNEYS AT LAW**
1819 E. SOUTHERN AVE, SUITE A-10
MESA, ARIZONA 85204
(480) 497-5009
FAX (480) 497-5029
mark@arizonabk.com

Mark R. Atchley  21419
Attorney for Debtors

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| In re:  Javier Peralta<br>SS:  xxx-xx-0615<br>　　　　　and<br><br>Maria L. Peralta<br>SS:  xxx-xx-7596<br>　　　　　Debtors. | Chapter 13 Case No. 09-bk-17377 RJH<br><br>CHAPTER 13 PLAN AND APPLICATION<br>FOR PAYMENT OF ADMINISTRATIVE EXPENSE |

Debtors propose the following Chapter 13 Plan:

1. **PROPERTY AND INCOME SUBMITTED TO THE PLAN.** Debtors shall submit the following amounts of property and future income to the Trustee for distribution under the Plan:

    a. **FUTURE EARNINGS OR INCOME** Debtors shall make monthly payments to the Trustee, on or before the twenty-fourth (24th) day of each month, in accordance with the following schedule:

    | Month | Date | Payment | Total |
    |---|---|---|---|
    | 1—57 | Aug 09 to Apr 14 | $375 | $13,500 |

    Pursuant to 11 USC 1325(b), Debtor will file a Motion for wage order to direct debtor's employer to withhold $174 bi-weekly from Debtor's pay and remit it to the Trustee.

    b. **OTHER PROPERTY.** Debtors shall provide to the Chapter 13 Trustee copies of his/her tax returns, State and Federal, when filed, for tax years 2009 and 2010. All other property turned over to Trustee will be advance Plan payments.

2. **DURATION.** This Plan shall continue for 57 months from the first payment. If at any time before the end of this period all claims are paid, the Plan shall terminate. Any funding shortfalls due to the accumulation of interest caused by the debtor's late payments or otherwise must be cured prior to the discharge of Debtors.

3. **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified and paid as set forth below. **This Plan and the Order Confirming shall not constitute an informal proof of claim for any creditor.**

    a. **ADMINISTRATIVE EXPENSES.**

    　　1) **Trustee's Fees:** The trustee shall receive the percentage of each monthly payment made by the debtor in an amount as may be approved by the U.S. Trustee from time to time, not to exceed 10%.

    　　2) **Attorney's Fees:** Debtors have agreed to pay a minimum fee of $4,000 of which the sum of $2,800 will be paid through the plan prior to commencement of payments on any claims listed hereafter. In the event that said fees and costs exceed the minimum amount stated herein, an Application for Interim Compensation of Fees and Costs shall be prepared, filed and noticed to all creditors of the Debtors. Upon approval of said application, the Stipulated Order of Confirmation shall provide for the payment of the additional approved fees and costs.

b. **CLAIMS SECURED BY REAL PROPERTY.**

Secured Creditors with Arrearage on Real Property: The following creditor(s) shall retain a security interest in the real property and the Trustee shall have no interest in or claim to the property securing the claim. **Regular monthly payments becoming due after the filing of the petition shall be made outside of this Plan.** No payment shall be deemed late, and the agreement which is the basis for a claim shall not be deemed in default as a result of the arrearage cured under this Plan. The estimated arrearage listed below shall be adjusted to reflect the actual arrearage at the time of the confirmation. The adjustment shall be made to reflect the amount of the arrearage as provided by the creditor by letter to counsel or in a Proof of Claim subject to Debtors filing an objection to any amount set forth in the proof of claim which Debtors may question. Creditor shall accept full responsibility for its own attorney's fees incurred in connection with the filing of a proof of claim. Should creditor file an objection based entirely on the arrearage figure which as stated above shall be adjusted to reflect the actual arrearage at the time of the confirmation based upon the amount set forth in a letter to counsel or the Proof of Claim filed by the creditor, creditor accepts full responsibility for its own attorney's fees in connection with the objection. The arrearage as adjusted, which shall include late charges but not legal fees unless incurred as the result of the initiation of a foreclosure or Trustee's Sale, shall be cured within the length of this Plan.

The Debtors' homestead exemption in the residential real property and in any identifiable cash proceeds from the sale of the residential real property is allowed. Pursuant to A.R.S. §33-1101, proceeds from the sale of the Debtors' homesteaded real property may be used in any manner, transferred, encumbered, or sold without further order of this Court upon the Trustee's approval. All identifiable cash proceeds from the sale of the Debtors' homesteaded real property shall become the sole property of the Debtors to the extent of the protected equity in such property.

Debtors' opinion as to the value of the real property: $123,000.

The estimated arrearages are as follows. Debtors will pay interest on the arrearages at the rate of 0%.

| CLAIMANT | SECURITY | ARREARAGE |
|---|---|---|
| Bank of America | Residence | debtors are current per agreement w/ lender |

**Creditor National City Mortgage's second position deed of trust on Residence is fully unsecured due to lack of remaining equity in the house after the first deed of trust. Debtors will be filing a separate motion to avoid the lien, and no payments will be made on the underlying note.**

c. **CLAIMS SECURED BY PERSONAL PROPERTY.**

The following creditor(s) shall retain their interest(s) in personal property securing their claim(s). Such claim(s) shall be paid the lesser of the debt balance or the value of the personal property securing the claim(s) (the 'allowed secured claim') plus interest at the rate specified for the period from commencement of the case until satisfaction of the allowed secured claim. Any unpaid balance shall be classified and paid as an unsecured claim based upon creditor(s)' duly filed and approved claim. Upon payment of the allowed secured claim, the security interest(s) claimed in such property shall be deemed satisfied and released. Claims paid as secured shall be paid in full prior to commencement of payment on any claim(s) listed thereafter.

Any claims not specifically named in this Plan are presumed to be unsecured claims. If a creditor fails to file a secured claim before confirmation or files a wholly unsecured claim, the debtors may delete the proposed payment of a secured claim in a proposed order confirming the plan with no additional notice. If a creditor files a secured claim in an amount less than that proposed in the Plan, then the secured claim amount will be paid.

If no objections are <u>filed and served upon Debtors' counsel within 60 days of the first Meeting of Creditors</u>, claims not specifically treated as secured below will be paid as general unsecured claims. Upon

confirmation, the following secured claims shall be paid the lesser of the value of collateral and the amount of the claim, plus interest.

| NAME OF CREDITOR | COLLATERAL | CLAIM AMOUNT | VALUE | UNSEC | INT | ADEQ PROT |
|---|---|---|---|---|---|---|
| First CU | 2006 Nissan Frontier | $18,487 | $13,325 | $5,162 | 4% | $133 |

<u>Upon confirmation of the plan</u>, those creditors scheduled to receive adequate protection above shall receive the monthly payments so scheduled for the period between commencement of this case and confirmation and shall continue to receive such payments until funding is adequate to commence periodic pro rata payments as provided for in the Plan.

    d. **PRIORITY CLAIMS.**

        1)     The following priority tax claims shall be paid in full without post-petition interest (except as provided in subparagraph A below). Payments on tax claims shall begin after payment of administrative expenses and any secured claims. Any liens held by the respective tax agencies will be deemed extinguished and are to be released upon completion of this Plan. Tax claims are to be paid as follows:

            A. Paid as priority claims:    None
            B. Paid as claim for child support:    None

        2)     Debtors will initial the following correct answer regarding filed/unfiled income tax returns.

        __jp__ __mp__ Yes, we certify that we have filed all required income tax returns, both state and federal.

    e. **ENGAGED IN BUSINESS.** If the Debtors are engaged in business, monthly business operating statements must be filed with the Court. Debtors will initial the following, as applicable:

        __jp__ __mp__ No, we are not engaged in business.

    f. **UNSECURED CLAIMS.** All other claims shall be classified as unsecured with any claims of security interest in property being avoided. Unsecured claims shall be paid, after all other allowed claims have been paid, the balance of payments under the Plan, pro rata allowed in full satisfaction thereof, except for any disputed or rejected claims. Any amounts unpaid shall be discharged. The Plan meets requirements of Code and achieves Chapter 7 reconciliation. The distribution to unsecured creditors stated in the Plan Analysis is only an estimate. The actual distribution to unsecured creditor may be less if claims, funding and/or duration of the Plan as confirmed differs from the original proposal set forth herein.

4. **REJECTION OF CLAIMS – SECURED CREDITOR.** Debtors elect not to assume the lease or contract with creditors named in this paragraph and shall surrender to each creditor the collateral subject to the lien or lease in full satisfaction of any and all claims that each secured or unsecured creditor may have against Debtors arising from the transaction creating creditor's interest in said property. If this creditor has filed a secured proof of claim, it will be disallowed. To be paid any portion of this creditor's unsecured claim for a possible deficiency balance, the creditor must file an amended, unsecured proof of claim.

| <u>Creditor</u> | <u>Security</u> |
|---|---|
| Chase | duplex at 28 N 96th Way, Mesa |
| Bank of America | 3708 E Sundance Ave, Gilbert |
| GMAC | 3708 E Sundance Ave, Gilbert |

5. **EXCLUSION OF CREDITORS.** Notwithstanding any other provisions of this Plan, Debtors elect not to assume the existing lease or contract with creditors named in this paragraph. These named creditors shall not be dealt with or provided for by this Plan.

6. **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of the Order Confirming the Plan. Property of the estate shall vest in the Debtors upon discharge of the Plan unless otherwise stated in the Order confirming the Plan. Prior to and upon confirmation, the automatic stay pursuant to 11 U.S.C. §362 will remain in full force and effect on all real and personal property of the Debtors until the discharge or dismissal of this proceeding with respect to claims arising prior to commencement of this case.

7. **GENERAL PROVISIONS.**

    a. If this case is filed as a joint Debtors case, the Debtors' estate shall be fully consolidated for purposes of administration. Pursuant to Section 1322(b)(3) of the Bankruptcy Code, Trustee shall have the power to waive, in writing and on such conditions as the Trustee may impose, any default in Debtors' payments to the Trustee under this Plan.
    b. The automatic stay granted pursuant to 11 U.S.C. Section 362 and 1301 shall remain in full force and effect with respect to pre-petition claims until further order of this Court.

### APPLICATION FOR ADMINISTRATIVE EXPENSE PURSUANT TO RULE 2016(a)

1. Debtors' attorney Mark R. Atchley was paid $1,200 prior to the filing of the Chapter 13 proceeding, and also received the $274 Court filing fee, and was to collect the balance of fees of $2,800 in the Plan. This is the Debtors' attorney's first fee application in this case. This fee does not include the fee of $200 per hour for contested matters which may arise in the future. Debtors' attorney will file another fee application should a contested matter issue arise.

2. The source for these fees and expenses is the Chapter 13 Plan payments held by the Chapter 13 Trustee in trust. These fees have been allowed for in computing the Chapter 13 Plan.

3. The services rendered include, but are not limited to, the following:

    (a) analysis of the financial situation, and rendering advice and assistance to the Debtors in determining whether to file a petition under Title 11 of the United States Code; formulation of plan contents and calculation of proposed plan capable of confirmation subject to 11USC 1322 and 1325; counseling regarding the outcome of the successful, confirmed plan versus failure upon dismissal or conversion of the case;
    (b) preparation and filing of the petition, schedules, statement of affairs and other documents required by the Court, and the mailing of the Chapter 13 Plan and bar notice to all interested parties;
    (c) representation of the Debtors at the meeting of creditors and confirmation hearing(s) (if any);
    (d) consultation, negotiations and conferences with creditors, and their attorneys and other interested parties; resolution of objections, classifications and claims that differ from the proposed plan; responses to motions for relief prior to confirmation; preparation of the Stipulated Order of Confirmation and circulation thereof to signatories.

4. These fees are to be paid as an administrative expense prior to secured and priority debts under 11 U.S.C. Section 507(a)(1), 11 U.S.C. Section 5030 and 11 U.S.C. Section 330. There are no other professionals other than Debtors' attorney whose time is included in this fee request. The fees are not being shared.
    DATED this 23rd day of July, 2009.


 _/s/ Javier Peralta_
Javier Peralta
Debtor

*/s/ Maria L. Peralta*  
Maria L Peralta  
Joint Debtor


ATCHLEY & DELGADO, LLP


 */s/ mra 21419*  
by: Mark R. Atchley, Esq.  
Attorney for Debtors

# FORM 13-2   PLAN ANALYSIS

_____Debtor received a discharge in a case under chapter 7, 11, or 12 during the 4-year period, or in case filed under chapter 13 during the 2-year period, preceding the date of order for relief in this case

_____Debtor's CMI multiplied by 12 exceeds the median income.

---

## TOTAL DEBT PROVIDED FOR UNDER THE PLAN AND ADMINISTRATIVE EXPENSES

A.  PRIORITY CLAIMS

|   |   |   |
|---|---|---|
| 1. Unpaid attorney's fees……………………………………………… | $ | 2,800 |
| 2. Domestic support obligation………………………………………….. | $ | 0 |
| 3. Taxes……………………………………………………………….. | $ | 0 |
| 4. Other……………………………………………………………... | $ | 0 |

B.  PAYMENTS TO CURE DEFAULTS…………………………………….. $   0

C.  PAYMENTS ON SECURED CLAIMS…………………….…………….. $   14,162

D.  PAYMENTS ON GENERAL UNSECURED CLAIMS…………………... $   2,000

E.  SUBTOTAL…………………………………………………………….... $   18,962

F.  TRUSTEE'S COMPENSATION (10% of Debtors' payments)…………...…. $   2,106

G.  TOTAL DEBT AND ADMINISTRATIVE EXPENSES……………………. $   21,069

---

## RECONCILIATION WITH CHAPTER 7

(a)  Best Interest of Creditors Test:
1. Value of Debtors' interest in nonexempt property………………………. $   8,000
2. Plus: value of property recoverable under avoiding powers…………….. $   0
3. Less: estimated Chapter 7 expenses…………………………………….… $   6,000
4. Less: amounts payable to priority creditors other than costs of administration……………………………………………..………………… $   0
5. Equals: estimated amount payable to unsecured nonpriority creditors if Debtor had filed Chapter 7………….…………………………………… $   2,000

(Section (b) to be completed by debtors whose CMI exceeds the state's median income)

(b)  Section 1325(b) Analysis (if debtor's CMI multiplied by 12 exceeds applicable median income:
   (1) Amount from Line 58 of Statement of Current Monthly Income……. $
   (2) Applicable Commitment Period……………………………………….   60 months
   (3) Amount required to pay to unsecured creditors ((b)(1) times 60)…… $

(c)  ESTIMATED DIVIDEND FOR UNSECURED, NONPRIORITY CREDITORS UNDER THE PLAN (Greater of (a)(5) or (b)(3))……………………….……  $

**IF THERE ARE DISCREPANCIES BETWEEN THE PLAN AND THE PLAN ANALYSIS, THE PROVISIONS OF THE PLAN AS CONFIRMED CONTROL**.